

**FILED**

**AUG 0 1 2008**

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| SHERMAN P. HAWKINS, | ) | CV 07-81-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Hawkins, a state prisoner proceeding pro se, has
filed a Complaint under 42 U.S.C. § 1983 alleging that he was
denied due process in a disciplinary hearing, that he was
unconstitutionally denied parole, and that prison officials have
interfered with the free exercise of his Catholic faith.  Hawkins
names 17 defendants.

United States Magistrate Judge Keith Strong conducted
preliminary screening of the Complaint as required by 28 U.S.C. §
1915(e)(2).  Under that statute, the court engages in preliminary
screening to assess the merits of the claims and identify
cognizable claims, or dismiss the complaint or any portion

-1-

thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the due process and denial of parole claims for failure to state a claim upon which relief can be granted. Judge Strong also issued an Order allowing Plaintiff to amend his Complaint to cure defects associated with his religion claim. Plaintiff Hawkins timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1).

Judge Strong recommends denial of the due process claim based on his conclusion that the Plaintiff has failed to allege the elements of such a claim, i.e. that he had a protected liberty interest and that he was deprived of that interest without due process. Judge Strong finds that the Plaintiff's claim fails on the second prong because he received all the process that was due in his disciplinary hearing. The Magistrate finds that Plaintiff Hawkins had advance notice of the charge and the opportunity to call witnesses and present evidence, and that Hawkins was found guilty by an impartial fact-finder relying upon sufficient evidence.

Hawkins relies heavily in his objections on the fact that his initial disciplinary write-up charged him with "4229-conspiring to commit 4101-escape," and that at some point the infraction number 4229 was crossed out and replaced with the infraction number 4108. Due process requires that the Plaintiff have advance notice of the charge against him. The language of

-2-

the offense, "conspiring to commit 4101-escape," did not change. The Plaintiff was therefore sufficiently advised of the charge against him and suffered no deprivation of due process from the amendment of the infraction number.

Hawkins next contends he was denied the right to gather and present evidence in his defense, but the sole allegation in support of his objection is that he was not interviewed by the disciplinary investigator. Plaintiff does not identify any authority holding that due process requires that he be interviewed prior to the hearing, nor does he explain how the fact that he was not interviewed interfered with his own ability to gather evidence and present witnesses. The record shows that he was allowed to give a statement and he was specifically advised of his right to present evidence and witnesses on his behalf.

Hawkins devotes a significant portion of his objections to arguing his actual innocence of the disciplinary charge. These arguments do not advance his due process claim because due process requires only that the finding of guilt be based on some evidence in the record. Judge Strong noted that the fact-finder relied upon a confidential informant's report implicating Hawkins in the escape plan. Judge Strong also explained that Hawkins' own description of his conduct in his Complaint contains sufficient evidence to support the finding of guilt against a due process challenge. Hawkins' argument that the fact-finder should have reached a different conclusion based on the evidence is not

-3-

sufficient to entitle him to relief for a due process violation.

With respect to Plaintiff Hawkins' claim for denial of parole, Judge Strong finds that the claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 480 (1994), and that the sole federal remedy is a writ of habeas corpus. Hawkins' argument that the parole board was influenced the resolution of the disciplinary proceeding against him does not change the requirement that any challenge to his continuing confinement be brought as a petition for writ of habeas corpus.

Upon de novo review, and having considered Hawkins' objections, I agree with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Plaintiff's disciplinary due process claim and denial of parole claim are DISMISSED for failure to state a claim upon which relief can be granted.

DATED this _14th_ day of August, 2008.

Donald W. Molloy, District Judge
United States District Court

-4-