IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| SHERMAN P. HAWKINS, | ) | CV 07-81-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Hawkins, a state prisoner proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 alleging that he was denied due process in a disciplinary hearing, that he was unconstitutionally denied parole, and that prison officials have interfered with the free exercise of his Catholic faith.  Hawkins named 17 defendants in his Complaint.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2) and recommended that the disciplinary due process claim and denial of parole claim be dismissed for failure to state a claim upon which relief can be granted.  Judge Strong

-1-

also advised Plaintiff Hawkins that his free exercise claim
failed to state a claim, but granted leave to cure the defects by
amending the Complaint with respect to the free exercise claim.
Doc. No. 11 at 13.   Judge Strong ordered that the allegations in
any amended complaint should be confined to the facts supporting
the free exercise claim.   This Court adopted Judge Strong's
Findings and Recommendations in full and dismissed the
disciplinary due process and denial of parole claims on August 1,
2008.  Doc. No. 16.

     Plaintiff Hawkins filed an Amended Complaint on July 17,
2008, in which he re-alleges his First Amendment and statutory
free exercise claims.   Judge Strong completed pre-screening and
determined that the free exercise claims should go forward, but
issued Findings and Recommendations in which he recommends the
dismissal of certain defendants.   First, with regard to Defendant
Governor Brian Schweitzer, Judge Strong concluded that the
Governor's failure to respond to the Plaintiff's grievance letter
is too attenuated to give rise to liability for violation of the
Plaintiff's right to free exercise of his religion.   The
Magistrate also recommends the dismissal of the following
Defendants named in the Complaint but not in the Amended
Complaint: Ken Neubauer, Carla Strutzel, Roxanne Wigert, Howard
Wigert, David Pentlair, Jeff Crowe, Ken Crozby, Ed Foley, Hank
Pfeifer, Jeff Walters, Craig Thomas, Margaret Bowman, and Mike
McKee.  The recommendation leaves the impression that these
Defendants are recommended for dismissal due to the fact that

-2-

they were omitted from the Amended Complaint.

Plaintiff Hawkins timely objected, thereby preserving his right to de novo review of the record.  28 U.S.C. § 636(b)(1). In his objections Hawkins explains that, in an effort to adhere to the Court's order limiting the subject matter of the Amended Complaint to the free exercise claim, he did not include the Defendants pertaining to his disciplinary due process and denial of parole claims.  He argues that it is improper for the Court to now dismiss those Defendants on the ground that they were not named in the Amended Complaint.  It is clear that Plaintiff Hawkins is concerned that the dismissal for failure to name defendants will cost him certain rights on appeal.

To allay Plaintiff Hawkins' concerns, and to clarify the record, the Court will adopt the recommendation to dismiss the Defendants against whom Hawkins alleges the disciplinary due process and denial of parole claims, but will make clear that they are dismissed because the underlying claims against them have been dismissed.  They are not dismissed due to any failure to properly plead on the part of the Plaintiff.[1]

With regard to the recommended dismissal of Governor Schweitzer, Plaintiff Hawkins objects on the grounds that the

---

[1]Plaintiff Hawkins filed a "Motion to Retain All Defendants Listed on Original Complaint..." (Doc. No. 30), which this Court construes as a motion for leave to file a Second Amended Complaint. The purpose of the motion is to preserve the Plaintiff's arguments on appeal with regard to the disciplinary due process and denial of parole claims.  Because this Order makes clear the basis for dismissal of the Defendants in question, the Court will deny Plaintiff's motion for leave to amend as moot.

Governor holds authority over the workings of the Montana State
Prison and harbors "anti-Catholic feelings."  Doc. No. 21 at 3.
Plaintiff Hawkins has previously been instructed that he must
"set[] forth facts demonstrating how <u>each</u> defendant <u>caused</u> or
<u>personally participated in causing</u> a deprivation of his rights."
Doc. No. 11 at 12 (emphasis in original).  The fact that
Defendant Schweitzer occupies the office of the governor is not
sufficient to show his personal participation in the denial of
the Plaintiff's right to free exercise.  In addition, Hawkins has
alleged no facts demonstrating that the Governor's alleged
hostility to Catholics caused the alleged deprivation.

Upon de novo review, and having considered Plaintiff
Hawkins' objections, I hereby adopt Judge Strong's Findings and
Recommendations subject to the clarification set forth above with
regard to the grounds for dismissal of the Defendants not named
in the Amended Complaint.

Accordingly, IT IS HEREBY ORDERED:

1.    Defendants Ken Neubauer, Carla Strutzel, Roxanne Wigert,
Howard Wigert, David Pentlair, Jeff Crowe, Ken Crozby, Ed Foley,
Hank Pfeifer, Jeff Walters, Craig Thomas, Margaret Bowman, and
Mike McKee are DISMISSED because the Court has previously
dismissed the claims against them.

2.    The constitutional and statutory free exercise claim against
Defendant Governor Brian Schweitzer is DISMISSED for failure to
state a claim.

3.    Defendant Hawkins' "Motion to Retain All Defendants Listed

on Original Complaint..." (Doc. No. 30) is DENIED as moot.

DATED this ___ day of December, 2008.

_____
Donald W. Molloy, District Judge
United States District Court