

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| SHERMAN P. HAWKINS, | ) | CV 07-81-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE FERRITER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Sherman P. Hawkins brought this action *pro se* and pursuant to 42 U.S.C. § 1983, alleging that state officials violated the First and Fourteenth Amendments and other laws of the United States by denying him the right to practice the Catholic religion. Specifically, Hawkins alleges prison officials denied him access to a priest and therefore to the rituals a priest facilitates for practitioners – specifically, confession and receipt of the Sacrament. Hawkins

1

alleges also that prison officials wrongly housed him in administrative segregation and denied him a proper hearing before doing so.

Defendants moved for summary judgment asserting qualified immunity, and filed a motion to dismiss Hawkins' claims that Defendants deprived him of certain religious objects – a Rosary and a Bible. Hawkins filed a cross-motion for summary judgment, and pursuant to 28 U.S.C. § 636(b), the motions were referred to Magistrate Judge Strong, who issued Findings and Recommendation on June 3, 2009. Judge Strong recommended this Court deny the motions for summary judgment because of genuine issues of material fact, but grant Defendant's motion with respect to Hawkins' request for injunctive relief, which has become moot. Judge Strong recommended dismissing Hawkins' claims for injunctive relief and dismissing Defendant Ball without prejudice.

Hawkins timely objected to the Findings and Recommendation on June 5, 2009, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The parties are familiar with the factual and procedural background, and so it is not restated here. Hawkins offers three specific objections to the Findings and Recommendation, each of which is addressed in turn below.

2

I

Hawkins objects to Judge Strong's recommendation that the Court grant Defendants summary judgment on Hawkins' claim for injunctive relief. He insists Judge Strong erred because the cases Judge Strong cited involved inmates who were transferred from one prison to another, while he remains at the same institution. He suggests this factual distinction relegates the cases Judge Strong cited to a category involving "a new jurisdiction and prison system," and therefore the cases cannot apply here.

The distinction Hawkins identifies is irrelevant. Judge Strong cited the cases for the uncontroversial proposition that when a plaintiff's position changes so he is no longer suffering the harm against which he seeks an injunction, and an injunction will no longer redress the alleged injury, the matter becomes moot. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") (internal quotation marks omitted).

Hawkins' claims arose from the circumstance of his incarceration in the Max Unit where he was allegedly denied access to religious services. Judge Strong noted that Hawkins is no longer housed in the Max Unit and has access to

3

religious services, and thus concluded his claim for injunctive relief is moot. Judge Strong correctly applied to Hawkins' case the legal principle governing the outcomes in Spencer and Johnson. Hawkins' objection on this point is not well taken.

## II

Hawkins objects to Judge Strong's recommendation that Defendant Ball be dismissed without prejudice from this action. Judge Strong noted that Ball is not included in Hawkins' Amended Complaint, which supersedes the original complaint, and concluded Ball should be dismissed. Hawkins argues the "*et al.*" designation in the caption of the complaint after Defendant Mike Ferriter's name includes Ball.

Upon inspection of the Amended Complaint, however, it is unmistakable that Hawkins did not list Ball along with the other names he carefully typed as he named the defendants to this action. See dkt # 14 at 3. The complaint form he used clearly states, "Please use additional sheets of paper to provide the same information about any additional defendants." Hawkins did not name Ball in the Amended Complaint, which supersedes the original. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (identifying "the well-established doctrine that an

amended pleading supersedes the original pleading.").[1]

Moreover, Ferdik rejected the argument Hawkins makes here, i.e., that "*et al.*" includes a defendant named in the original but not in the amended complaint. The Court said,

> [T]he phrase "*et al.*" is short for "*et alia*," which means "and others." Webster's Third New International Dictionary Unabridged 779 (3d ed. 1986); Black's Law Dictionary 553 (6th ed. 1990). Ferdik's inclusion of this phrase in the caption of his second amended complaint announced that he was suing persons in addition to Bonzelet. But whom? Without additional information to assist in interpreting to whom it refers, "*et al.*" is, by definition, ambiguous.

Id. Hawkins provided no additional information in his Amended Complaint indicating that Ball was still a defendant.

### III

Hawkins' third objection is that Judge Strong "erred in requiring administrative exhaustion for Plaintiff's including the fact the Defendants took Plaintiff's Rosary and Bible and refused to return them[.]" This was not, however, the reason Judge Strong gave for recommending dismissal of Hawkins' claim that

---

[1] Hawkins' citation to Jones v. Brock, 549 U.S, 199 (2007) is not helpful. The Court in Jones held that the exhaustion requirement of the Prison Litigation Reform Act does not mean that a court may dismiss an entire complaint where an inmate brings the action under 42 U.S.C. § 1983 but did not previously initiate administrative grievance proceedings against every named defendant. See Jones, 549 U.S. at 218-19.

Defendants took his Rosary and Bible. Judge Strong recommended dismissing this claim because in his response to Defendants' Motion to Dismiss Hawkins stated, "None of the Defendants named herein, are or were accused of taking Plaintiff's Rosary or religious material (Catholic Bible)." See dkt # 48 at 2. Hawkins said also, "Plaintiff never stated a claim that any Defendants took his Rosary or Bible." Id. Hawkins' objection does not address Judge Strong's reasoning, but misunderstands it as identifying an exhaustion requirement. The objection is thus not well taken.

## IV

For the foregoing reasons,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 75) is adopted in full;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (dkt # 37) is GRANTED; Hawkins' claim regarding being denied a Rosary and Bible is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (dkt # 49) is GRANTED in part and DENIED in part; it is granted with respect to Hawkins' claim for injunctive relief, and it is denied in all other respects;

IT IS FURTHER ORDERED that Hawkins' Cross-Motion for Summary Judgment (dkt # 56) is DENIED;

IT IS FURTHER ORDERED that Defendant Ball is DISMISSED WITHOUT PREJUDICE from this action.

Dated this 1st day of July, 2009.

Donald W. Molloy, District Judge
United States District Court